### DAVID PLUMER vs. SAMUEL BROWN.

Twenty years' adverse and uninterrupted use, by A., of land adjoining his farm, gives him a possessory title to such land, or an easement therein: But such possession by A.'s grantor, while he was only tenant at will of the farm, cannot be tacked to the possession of A., in order to make out the twenty years, although his grantor conveyed the farm to him, with all the privileges and appurtenances.

The selectmen of a town viewed a highway, in company with the owners of the adjoining lands, and ordered the fence against the highway to be moved back: The fence was accordingly moved back, and was continued more than twenty years in the place where it was then put. *Held*, that the fence, so moved and continued, was, under Rev. Sts. *c.* 24, § 61, to be deemed and taken as the true boundary of the highway; there being no records or monuments by which the boundary could be made certain.

A surveyor of highways lawfully removed wood which was placed within the limits of the highway, and gave notice to the owner of the wood where he had put it, and told him he might have it on paying for the removal of it. *Held*, in an action of trover, by the owner of the wood, against the surveyor, that there had been no conversion.

TROVER for a quantity of wood. At the trial in the court of common pleas, before *Williams*, C. J. the plaintiff introduced evidence to prove his title to the wood, and the conversion thereof by the defendant, by taking and carrying it away.

The defendant justified the taking and removing of the wood, on two grounds. *First*, that the wood was lying on land of Enoch Plumer, who authorized and requested the defendant to remove it. *Second*, that the wood was lying in a highway in the town of Newbury; that the defendant was surveyor of highways in that town, and removed the wood as a public nuisance.

The defendant, to maintain his defence on the *first* ground, introduced evidence tending to prove that John Thurston, now deceased, was formerly the owner in fee of the land in question; that said Enoch Plumer, at the time of the removal of the wood by the defendant, was the owner of said land, as one of the legal representatives of said Thurston, and requested the defendant to remove the wood therefrom. To rebut this evidence, the plaintiff introduced evidence tending to prove that, in the year 1811, Benjamin Thurston made a verbal contract with said John Thurston, to purchase said land, and that he paid to said John the price thereof, according to said contract,

that from the time of said purchase till the year 1816, said Benjamin used said land for the purpose of keeping his wood, carts and other things, thereon ; that in 1816, said Benjamin sold and conveyed his farm, situated at or near the place in question, to the plaintiff, and has not since made any use of said land ; that the plaintiff, after he purchased said farm, as afore - said, till within five or six years next before the trial, used said land, for the purposes aforesaid, peaceably and without interruption. Parol evidence was also introduced, tending to prove that within two or three years next before the trial, and before the present cause of action accrued, the said Benjamin Thurston released his interest in said land to the plaintiff ; but no such release was produced at the trial.

Upon this evidence, the judge instructed the jury, that if it was proved, to their satisfaction, that Benjamin Thurston agreed to purchase, and actually paid for, the said land, and thereupon entered thereon and continued in the occupation thereof, uninterruptedly, for 20 years, he thereby acquired, for the purposes of this action, a title thereto ; but if he occupied said land only five or six years, he did not thereby acquire such title ; that if the plaintiff, since he commenced the occupation of said land in 1816, continued in the adverse possession thereof, under a claim of right, for the term of 20 years, he thereby acquired a possessory title sufficient to maintain this action ; but not by a possession for a shorter time.

Upon the *second* ground of defence, it was proved or admitted that there had been, from time immemorial, a public highway in Newbury, leading from the house of S. Poor to the house of J. M. Plumer ; that, in the year 1811, the wall by the side of said highway stood, and from time immemorial had stood, nearer the travelled part of the highway than it stood when the defendant removed said wood ; that, before the year 1811, said Benjamin Thurston and his father, who had occupied the house now occupied by the plaintiff near the land in question, had piled their wood on the road side of said wall, and near said wall ; that in consequence thereof an accident happened in said road, in the year 1811, and that the people in the

neighborhood were dissatisfied with the condition of said road
The evidence also tended to prove that the selectmen of New-
bury, in 1811, went to view said road ; that said John Thurs
ton, Benjamin Thurston, the plaintiff and others, were present ;
that said selectmen declared that said ancient wall ought to be
moved back to the place where the wall stood at the time of
the removal of said wood by the defendant, and where it now
stands; that this was assented to by all who were present; and
that said wall was, soon afterwards, moved back accordingly,
and has remained in the same place ever since. No record
was shown of any proceedings of said selectmen, or of the
town of Newbury, relating to said road, except an old record of
the year 1719.

It appeared that the land in question was between the line of
the ancient wall and the present existing wall, and that, from
time immemorial till 1811, it had been enclosed within, and
was part of, the field of said John Thurston ; and it did not
appear that any marks or monuments remained, by which the
precise line of the way, as it existed before the year 1811, could
be ascertained.

The judge instructed the jury, on this point, that if the wall,
as it stood when the defendant removed the plaintiff's wood,
was erected, and had been continued for more than 20 years,
fronting upon or against said highway, and from length of time,
or otherwise, the boundaries thereof were not known, or could
not be made certain by records or monuments, then the said
wall, as it then stood, was to be deemed and taken to be the
true boundary of said highway.

There was evidence tending to prove that, after the said
wood had been removed by the defendant, he gave notice to
the plaintiff where it was, and told him that he could have it,
paying the defendant for removing it ; and the plaintiff's
counsel requested the judge to instruct the jury, that if the
original taking of the wood by the defendant was lawful, yet
this subsequent statement, by the defendant to the plaintiff, of
the condition on which he could have the wood, was a conver-
sion. But the judge declined giving this instruction, and in

structed the jury, that if the original taking was lawful, yet if the defendant, by any act or prohibition, or refusal to deliver the wood to the plaintiff, had prevented the plaintiff from taking it, that would be evidence of a conversion.

The jury returned a verdict for the defendant, and the plain tiff alleged exceptions to the aforesaid instructions.

*O. P. Lord,* for the plaintiff. The judge erred in instructing the jury that the plaintiff must himself have occupied 20 years, in order to gain a possessory title. The successive occupations of an ancestor and heir, or of a grantor and grantee, may be joined. *Sargent* v. *Ballard,* 9 Pick. 256. *Melvin* v. *Whiting,* 13 Pick. 184. *Melvin* v. *Proprietors of Locks and Canals,* 5 Met. 15.

2. The provision in the Rev. Sts. *c.* 24, $ 61, that fences against a highway, continued more than 20 years, shall be deemed the true boundaries, when no other boundaries can be ascertained, was not intended to protect individuals from the encroachments of the public, but to protect the public against the encroachments of individuals, and therefore does not apply to this case. Besides; that provision makes fences only *primâ facie* evidence of the boundaries. *Sprague* v. *Waite,* 17 Pick. 309. The instructions given to the jury imported, if they did not expressly affirm, that the evidence was conclusive. But the presumption that the fence, in this case, was the true boundary, was rebutted by the proof that individuals had occupied the land between the fence and the travelled road.

3. The defendant, by requiring payment as a condition of the plaintiff's retaking the wood, made such an unlawful claim to the property therein, as amounted to a conversion.

*Hills, (N. J. Lord* was with him,) for the defendant. 1. The instruction on the first point was in the plaintiff's favor, as he had used the land 27 years continuously. The addition of five or six years more would not have helped his case. But the two occupancies could not be joined; as is shown by *Sargent* v. *Ballard.* There was no privity between the plaintiff and the preceding occupants of the land in question. The parol purchase by Benjamin Thurston gave him no right. *St.* 1783. *r*

49 *

37, § 2. *Adams* v. *Townsend*, 1 Met. 483. *Thompson* v *Gould*, 20 Pick. 138. And his subsequent occupancy was that of a tenant at will, which was not assignable. Com. Dig. Estates by Grant, H. 7. That the land, from which the defend ant removed the wood, did not pass by the deed of the farm, is shown by the release subsequently given to the plaintiff.

2. The instruction, as to the fence being the true boundary of the highway, was exactly according to the words of Rev. Sts. c. 24, § 61, and did not militate with the case of *Sprague* v. *Waite*, 17 Pick. 309.

3. The case does not show that the plaintiff demanded the wood, nor that the plaintiff forbade him to take it. And this was a case in which a demand and refusal were necessary to be shown as evidence of a conversion. 2 Saund. Pl. & Ev. 883. 3 Stark. Ev. 1496, 1497. *Nixon* v. *Jenkins*, 2 H. B. 135. *Nelson* v. *Merriam*, 4 Pick. 249. The jury have found that the defendant did not by any act or prohibition, or refusal to deliver the wood, prevent the plaintiff from taking it.

SHAW, C. J. The question in this case depends so much upon a precise knowledge of the localities, that it is difficult to understand it without a plan. As we understand the case, the wood was lying on a place apparently within the limits of the highway, and the defendant, as a surveyor, removed it as a nuisance. But there was no record, indicating the exact limits of the highway ; and as the adjoining land belonged to Enoch Plumer, and as it was apparent that the land was either within the highway, or the soil was that of Enoch Plumer, the defend ant justified, not only as a surveyor of highways, but also under the license and request of said Plumer. It was therefore, *primâ facie*, either a public or private nuisance, in either of which cases the defendant was justified, unless the plaintiff had ac quired an easement for placing his wood there or a possessory title by grant or prescription. The defendant offered evidence of the title of Enoch Plumer, by descent from John Thurston, as one of his heirs, and an authority and request from him to remove the wood. To rebut this title and show an easement or possessory title in himself, the plaintiff offered evidence that

John Thurston, in his life time, entered into a parol contract with Benjamin Thurston, in 1811, to sell the land to him, and received his pay ; but that no deed was executed. Benjamin Thurston used the land, for placing wood, carts, &c. till 1816. He then sold to the plaintiff his farm, situated near and on the opposite side of the highway, by a deed not embracing the premises, but with the usual clause of privileges and appurtenances. The plaintiff continued to occupy his farm, and made the same use of the premises (being a strip of land on the side of the road) which Benjamin Thurston had made, until within five or six years before the bringing of this action. The judge instructed the jury, in effect, that the plaintiff must show 20 years' uninterrupted possession, to make out a possessory title, and that he could not connect Benjamin Thurston's possession with his own, to make out the 20 years; that if he himself, from 1816, when he purchased, had had adverse and uninter rupted possession 20 years, it was sufficient to establish his right of possession, and rebut the claim of the defendant to justify under Enoch Plumer.

The court are of opinion that this instruction was right. The most which Benjamin Thurston could acquire, by his parol purchase, was a tenancy at will; and this was not assignable. Nor did he, by his deed, profess to transfer it to the plaintiff It was not long enough to create an easement which would pass as appurtenant to the farm.

On the ground that the land was in the highway, it appears that in 1811 a question was made, whether the wall at the place was not an encroachment on the highway; that the selectmen of Newbury viewed it, in the presence of the plaintiff's predecessors and himself, and ordered the wall to be placed back, where it now is, which was soon after done, and it has remained so ever since. The judge instructed the jury, that this case was within the Rev. Sts. c. 24, § 61, which provide that where fences have been erected, and continued for more than 20 years, against any highway, and from length of time, or otherwise, the boundaries thereof (that is, of the highway) are not known, such fences shall be deemed and taken to be the true boundaries thereof

The court are of opinion, that this statute provision was applicable to the present case. It was a fence which had been standing more than 20 years, and so, by force of the statute rule, established the line of the highway, and showed that the place where the plaintiff's wood was lying was within it. It tended to establish the defendant's justification, unless he could show an adverse right, as against the public, to use the soil of the highway.

The plaintiff requested the judge to instruct the jury, that although the defendant was justified in removing the wood, yet his subsequent notice to the plaintiff, by which he informed him where the wood was, and that he could have it, paying the defendant for removing it, was a conversion.

We are far from intending to intimate that a public officer, removing a nuisance, may not charge the party who created it, with the reasonable cost of its removal. The Rev. Sts. *c.* 24, § 63, provide that when any fence or other incumbrance, erected or continued on any town way or highway, shall be adjudged a nuisance, and ordered to be abated, the materials of such incumbrance may be sold to pay the costs and charges of prosecution ; and, if insufficient, the party convicted of erecting or continuing it shall be chargeable for the balance. But, without giving any opinion on this point, it is sufficient for this case to say, that even a demand and refusal are only evidence of conversion ; that here is no demand and no refusal ; and that the case was left to the jury with right instructions on this point.

*Exceptions overruled.*